UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSTON CASUALTY CO.,<br><br>Plaintiff-Counter-Defendant,<br><br>v.<br><br>CRUM & FORSTER INSURANCE COMPANY,<br><br>Defendant-Counterclaimant. | 1:16-cv-535-LJO-EPG<br><br>MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION TO STRIKE (Doc. 37) |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout

the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. INTRODUCTION

Plaintiff- Houston Casualty Company ("HCC") moves under Federal Rule of Civil Procedure 12(f)[1] to strike Defendant Crum and Forster Insurance Company's ("CF") counterclaim for declaratory relief as redundant of Defendant's affirmative defenses and Plaintiff's first cause of action for declaratory relief. Doc. 37. For the following reasons, the Court GRANTS Plaintiff's motion to strike.

## III. FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts are few and straightforward. "This is an action for equitable contribution and declaratory relief regarding the rights and obligations of various co-insurers of MP NEXLEVEL OF CALIFORNIA, INC. ('MP') relative to defense fees and costs previously incurred, and to be incurred in the future, on behalf of MP in two underlying lawsuits." Doc. 1, Complaint ("Compl."), at ¶ 1.[2] HCC alleges that Defendants, various insurance companies, are obliged to defend MP in the underlying lawsuits under their respective insurance contracts. *Id.* HCC further contends Defendants' "respective policies are primary to, and non-contributory with, HCC's obligations under [its] policies," but only HCC has defended MP against the lawsuits. *Id.* HCC therefore seeks declaratory judgment concerning its and Defendants' respective rights and obligations as to MP involved in the lawsuits. *Id.* Specifically, HCC seeks an order from the Court declaring, among other things:

> MP is an "additional insured" under the insurer defendants' policies; the insurer defendants have a primary duty to defend MP; and the insurer defendants have an equitable duty to pay a fair and proportionate share of the costs of defense incurred on behalf of MP in the Underlying Lawsuits.

Doc. 38 at 4; *see also* Compl. at 17 (listing eight specific declaratory relief requests).

---

[1] All further reference to any "Rule" is to the Federal Rules of Civil Procedure.

[2] The two lawsuits are *JK Comm'ns & Constr., Inc. v. MP Nexlevel of California, Inc.*, No. 14 CR CG 00524, pending in the Superior Court of California for the County of Fresno, and *MP Nexlevel of California Inc. v. CVIN, LLC*, 1:14-cv-288-LJO-GSA ("the Federal Court Case") (collectively, the "Underlying Lawsuits"), pending in this Court.

In response to HCC's complaint, CF asserted fourteen[3] affirmative defenses and a counterclaim for declaratory judgment. *See* Doc. 29. The affirmative defenses assert, among other things:

- "HCC's Complaint, in whole or in part, is precluded because exclusions within the policies may operate to deny coverage to MP";

- "HCC's Complaint, in whole or in part, is precluded because policy provisions may operate to deny coverage to MP";

- "HCC's Complaint, in whole or in part, is precluded to the extent that MP did not comply with policy terms or conditions"; and

- "HCC's Complaint, in whole or in part, may be precluded to the extent that other coverage may have been or is available to MP. The other insurance provisions in the policies and doctrines of equity reduce or eliminate any obligation allegedly owed by [CF]."

*Id.* at 11-12.

CF's counterclaim against HCC for declaratory relief "seek[s] a judicial declaration that there is no additional insured coverage to MP under [CF's] policy and that therefore, [CF] owes it no defense or contribution to HCC or to any of the other carriers." Doc. 29 at 13. CF asserts, among other things, that:

- "The subcontract between MP and Horizon only requires Horizon to provide additional insured coverage to MP under the General Liability policy";

- "[CF] owes MP no duty to defend [MP in the Federal Court Case] because there is no possibility of coverage for any of the claims brought against MP";

- "Because [CF] owes MP no duty to defend the claims put forth against it in [the Federal Court Case], [CF] owes HCC no equitable indemnity with respect to defense costs incurred and paid to MP by HCC"; and

- "Because the CVIN . . . alleges no damages [against MP in the Federal Court Case] which potentially fall within the coverage of [CF's] policy, no future costs associated with providing MP a defense in the action should be equitably apportioned to [CF]."

Doc. 29 at 24-25. CF seeks "an order declaring and adjudging in [its] favor" each of these assertions. *Id.* at 26.

---

[3] CF misnumbered their affirmative defenses.

HCC moves to strike MP's counterclaim as a "mirror image" of HCC's declaratory relief claim and "redundant of [CF's] denials and affirmative defenses," which raises no issues not already contained in HCC's complaint. Doc. 38 at 2. HCC therefore contends CF's counterclaim "will necessarily be fully addressed and resolved in the course of adjudicating the claims presented in HCC's Complaint and in [CF's] affirmative defenses." *Id.*

CF opposes for three reasons. *See* Doc. 52 at 2. CF argues that: (1) a Rule 12(f) motion is procedurally improper; (2) litigating CF's counterclaim will not prejudice HCC; and (3) CF's counterclaim should not be stricken because it serves "useful purposes." *Id*.

## IV. **STANDARD OF DECISION**

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (internal quotation marks and citations omitted). Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). Impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* Scandalous matter is that which "improperly casts a derogatory light on someone, most typically on a party to the action." *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) (internal quotation marks and citations omitted).

The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "Motions to strike are generally regarded with

disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Alco Pacific*, 217 F. Supp. 2d at 1033; *see also Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (Motions to strike are generally disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."). "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Alco Pacific*, 217 F. Supp. 2d at 1033 (internal quotation marks and citations omitted). "The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." *Id.* (citing *Fogerty*, 984 F.2d at 1528).

## V. <u>ANALYSIS</u>

**A.    HCC's Rule 12(f) motion is procedurally proper.**

Relying primarily on *Whittlestone*, 618 F.3d at 974-75, CF argues HCC's Rule 12(f) motion is improper and instead should have been brought as a Rule 12(c) motion for judgment on the pleadings or a Rule 12(b)(6) motion to dismiss. *See* Doc. 52 at 10-11. CF is correct that *Whittlestone* holds that, in *some* circumstances, a Rule 12(f) motion cannot be used to challenge a counterclaim. But it does not hold that it cannot be used under any circumstances.

In *Whittlestone*, the district court granted the defendant's Rule 12(f) motion to strike certain of the plaintiff's sought-after damages as precluded as a matter of law. 618 F.3d at 973. The Ninth Circuit observed that the plaintiff's claim for damages could be stricken under Rule 12(f) only if it was: "(1) an insufficient defense; (2) redundant;  (3) immaterial; (4) impertinent; or (5) scandalous." *Id.* at 973-74. The court held "[i]t is quite clear that none of the five categories covers the allegations in the pleading sought to be stricken by [the defendant]," and concluded that its Rule 12(f) was really an attempt to have certain portions of [the plaintiff's] complaint dismissed or to obtain summary judgment against [the plaintiff] as to those portions of the suit—actions better suited for a Rule 12(b)(6) motion or a Rule 56

motion." *Id.* at 974. Accordingly, the court held that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground such claims are precluded as a matter of law." *Id.* at 974-75 (footnote omitted).

*Whittlestone* does not apply here. HCC does not seek to strike CF's counterclaim on the ground that it is legally insufficient. Unlike the defendant in *Whittlestone*, HCC does not argue CF's counterclaim fails as a matter of law; HCC only argues that it is redundant—an explicit basis for a Rule 12(f) motion. As another district court succinctly explained:

> Although a court may use Rule 12(b)(6) to dismiss a duplicative counterclaim, it makes more sense to use Rule 12(f). In the case of a duplicative counterclaim, the issue is not that the counterclaim is insufficient to state a cognizable legal theory as required by Rule 12(b)(6), but rather that the legal and factual issues contained in the counterclaim are redundant with issues already present in the proceeding.

*Fluke Elecs. Corp. v. CorDEX Instruments, Inc.*, No. C12-2082JLR, 2013 WL 2468846, at *3 (W.D. Wash. June 7, 2013). According to CF, that is precisely the case here. The Court therefore finds HCC's Rule 12(f) motion is procedurally appropriate for challenging CF's counterclaim as redundant. *See id.*; *see also Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-cv-1846-LHK, 2011 WL 4948567, at *10 (N.D. Cal. Oct. 18, 2011) (striking one counterclaim as "mirror image" of plaintiff's claim and striking another as redundant of defendant's affirmative defense).[4]

**B.      Prejudice is not required.**

CF argues HCC's motion to strike should be denied because HCC has failed to show how it will be prejudiced by CF's counterclaim. In support, CF cites only *Wolk v. Green*, which states that a Rule

---

[4] This makes particular sense in the declaratory judgment context. It would be difficult to conclude that a declaratory judgment counterclaim that does nothing more than assert a corresponding cause of action fails would not be subject to a Rule 12(f) motion. For instance, if a plaintiff filed a cause of action for copyright or trademark infringement, it would be a waste of judicial resources to permit the defendant to pursue a declaratory judgment counterclaim that seeks a court determination that the defendant did not commit infringement. *See Voltage Pictures, LLC v. Blake*, No. 3:14-cv-1875-AC, 2015 WL 9272880, at *3-4 (D. Or. Dec. 17, 2015). Moreover, to permit the counterclaim to proceed could lead to unnecessary administrative and logistical issues. *See Fantasy, Inc. v. Fogarty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (holding district court properly granted Rule 12(f) motion to strike "for the purpose of streamlining the ultimate resolution of the action and focusing the jury's attention on the real issues in the case"). Rule 12(f) is designed for exactly these situations. *See Whittlestone*, 618 F.3d at 973 (Rule 12(f) motions are designed "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial").

12(f) motion to strike "should generally be granted only to avoid prejudice to the moving party or when 'it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation.'" 516 F. Supp. 2d 1121, 1134 (N.D. Cal. 2007) (quoting *Smith v. Wal-Mart Stores*, 2006 WL 2711468, at *2 (N.D. Cal. Sept. 20, 2006). *Smith*, in turn, cites various district courts and legal treatises to support those propositions. 2006 WL 2711468, at *2. Neither case, however, provides any controlling Ninth Circuit authority, seemingly because none exists. *See Hernandez v. Dutch Goose, Inc.*, No. C 13-3537 LB, 2013 WL 5781476, at *5 (N.D. Cal. Oct. 25, 2013) ("Courts differ on whether a movant must show prejudice in support of a motion to strike affirmative defenses").

But in *Atlantic Richfield Co. v. Ramirez*, 176 F.3d 481, 1999 WL 273241, at *2 (9th Cir. 1999) (unpublished table decision), the Ninth Circuit observed in an unpublished decision that "Rule 12(f) says nothing about a showing of prejudice and allows a court to strike material sua sponte." The court therefore explicitly rejected the appellant's contention that courts "should require the moving party to demonstrate prejudice in order to justify striking redundant material." *Id.* Given this clear, directly on-point (albeit non-precedential) guidance from the Ninth Circuit, the Court concludes HCC need not show prejudice for the Court to grant its motion to strike. The Court, like the Ninth Circuit in *Ramirez*, "decline[s] to add additional requirements to the Federal Rules of Civil Procedure when they are not supported by the text of the rule." *Id.* (citation omitted).

**C.     CF's counterclaim serves no useful purpose.**

CF argues its counterclaim is not redundant of its affirmative defenses or HCC's declaratory judgment claim because it serves three "useful purposes"[5] not at issue in those pleadings. CF contends its counterclaim:

(1) seek[s] declarations regarding the applicability of specific policy provisions from [CF's] policy to MPN's and HCC's requests for coverage; (2) seek[s] interpretations of multiple

---

[5] The Court agrees with the parties that a redundant or repetitive counterclaim should be stricken only if it would not serve any "useful purpose." *See Stickrath v. Globalstar, Inc.*, No. C07-1941 TEH, 2008 WL 2050990, at *4 (N.D. Cal. May 13, 2008) (collecting cases).

7

provisions of MPN's subcontract with Horizon, [CF's] named insured; and (3) seek[s] a judicial declaration regarding the applicability of [CF] Contractors' Pollution Liability policy number CPL100533 to this dispute.

Doc. 52 at 12.[6] CF argues that "none of these declarations or interpretations is sought in HCC's Complaint and, therefore, the relief requested by [CF] is not duplicative or identical of the claims put forth by HCC" or CF's affirmative defenses. *Id.* at 12, 16.

The Court disagrees. CF's counterclaim boils down to a request for "a judicial determination and declaration of the parties' respective rights and duties with respect to their defense obligations to MP regarding the counterclaim[s] brought by CVIN." Doc. 29 at 25. This is precisely what HCC's declaratory judgment claim seeks: HCC asks "the Court to determine the respective rights and liabilities of the parties regarding their obligations to pay for the defense of MP against the allegations made in the Underlying Lawsuits." Compl. at ¶ 58.

That HCC's complaint does not specifically mention the various policies and provisions on which CF seeks a judicial declaration does not mean CF's counterclaim raises new factual and legal issues not at issue in HCC's complaint. Because HCC seeks a court order declaring its obligations to MP, HCC thereby seeks a judicial declaration of CF's respective obligations to MP. Both claims "are for declaratory relief, on the same issue (*i.e.*, the rights of the parties with regard to insurance coverage)," *Daily v. Fed. Ins. Co.*, No. C 4-3791 PJH, 2005 WL 14734, at *7 (N.D. Cal. Jan. 3, 2005), and both claims will require the Court to determine who owes what to MP and why. *See, e.g.*, Compl. at ¶ 57(f) (HCC alleging Defendants, including CF, are obliged to defend MP, not HCC); Doc. 29 at ¶ 47(c) (CF alleging that it "owes MP no duty to defend" MP in the Federal Court Case). There is therefore no reason to conclude CF will be precluded from raising the issues and assertions contained in its

---

[6] The third allegedly useful purpose of CF's counterclaim is not at issue. In its opposition, CF clarified that it seeks "judicial declarations regarding the applicability of the Contractors' Pollution Liability policy to the dispute at hand, if HCC contends this policy is relevant." Doc. 52 at 15. In its reply, HCC confirmed that it "does not contend that [CF's] pollution liability policy is at issue, or that its named insured is potentially liable for pollution damages." Doc. 53 at 6. It thus appears that HCC does not consider the policy to be relevant. In any event, as discussed below, CF is not precluded from raising the issue in response to HCC's declaratory judgment claim.

counterclaim that are not specifically mentioned in HCC's complaint, particularly given that CF's affirmative defenses generally deny that it owes any duty to defend MP. *See, e.g.*, Doc. 29 at 11 ("HCC's Complaint, in whole or in part, is precluded because policy provisions may operate to deny coverage to MP."). The resolution of HCC's declaratory judgment claim will allow, if not require, the Court to address the assertions contained in CF's counterclaim and affirmative defenses. The Court therefore finds CF's counterclaim against HCC redundant. Accordingly, the Court STRIKES the counterclaim.

## VI. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS HCC's motion to strike (Doc. 37). CF's counterclaim against HCC is STRICKEN.

IT IS SO ORDERED.

Dated: **August 25, 2016**         /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

9