UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| HOUSTON CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE CHARTER OAK FIRE INSURANCE COMPANY; ACE AMERICAN INSURANCE COMPANY; PREFERRED CONTRACTORS INSURANCE COMPANY, RRG, LLC; THE PHOENIX INSURANCE COMPANY; WEST AMERICAN INSURANCE COMPANY; CRUM & FORSTER SPECIALTY INSURANCE COMPANY; FINANCIAL PACIFIC INSURANCE COMPANY; MP NEXLEVEL OF CALIFORNIA, INC.; and DOES 1 THROUGH 10,<br><br>Defendants. | CASE NO.  1:16-CV-00535- LJO-EPG<br><br>**STIPULATION AND PROTECTIVE ORDER GOVERNING THE USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION**<br><br>JUDGE:   Honorable Lawrence J. O'Neill<br>DEPT.:   Courtroom 4 |

WHEREAS, this action involves insurance coverage disputes regarding the rights and obligations of various co-insurers of MP Nexlevel of California, Inc. relative to defense fees and costs previously incurred, and to be incurred in the future, on behalf of MP in two underlying lawsuits;

WHEREAS, the Parties to this action anticipate that discovery could result in the disclosure by the parties of documents, information, and/or materials that are confidential or commercially sensitive in nature, and not otherwise available to anyone other than the producing party (including, without limitation documents containing, reflecting, or otherwise pertaining to privileged attorney-client communications between MP Nexlevel of California, Inc. ("MP") and its attorneys in underlying litigation, and/or to privileged attorney work-product by or from MP's attorneys), such that a protective order is necessary to adequately protect the confidentiality of such information or materials;

WHEREAS, the parties to this action wish to protect the confidentiality of such information and/or materials while ensuring that the parties can obtain and pursue discovery with the minimum of delay and expense;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the parties, through their respective counsel herein, as follows:

1.      This Stipulation shall govern the handling of documents, depositions, deposition exhibits, interrogatory answers, responses to requests to admit, and other written, electronic, recorded, or graphic material ("Discovery Material") produced by or obtained from any party or other person from whom Discovery Material may be sought (the "Producing Party") during the proceedings in this action. By agreeing to the procedure set forth in this Protective Order to govern how Discovery Material and information are to be designated "CONFIDENTIAL," produced, and handled in this litigation, no Party is waiving any applicable privilege, work-product protection, fiduciary duty of loyalty or confidentiality, or any statute, rule, or common law provision that prohibits or restricts disclosure of any documents or other information to any other Party to this litigation.  Any Party claiming a right to receive documents or other information in discovery in this action must support that claimed right independent of the existence or contents of this Protective Order and cannot claim to have obtained any such right by virtue of the existence or contents of this Protective Order.  Nothing contained in this Protective Order shall constitute an

admission or determination that any Discovery Material or information is confidential, subject to discovery, or protected from discovery

    2.    Any Producing Party shall have the right to designate as "Confidential" and, therefore, subject to this Protective Order, any Discovery Material that the Producing Party believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure (hereinafter "Confidential Information").  All such Confidential Information designated by a Producing Party shall be subject to the provision of this Protective Order.  Each Producing Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that reasonably qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    3.    Designations shall be made by stamping each page of the Discovery Material containing Confidential Information with the legend CONFIDENTIAL prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the Discovery Material shall be CONFIDENTIAL under this Protective Order.

    4.    In the event that any Producing Party discovers, after it has produced information, that it has inadvertently produced information that has not been correctly designated, the Producing Party, within ten (10) business days of the discovery of such inadvertent production, shall correct that error by a subsequent designation made in writing specifically identifying the designated information.  Upon receipt of such notice, the parties shall treat such information in accordance with this Protective Order.  When an attorney receives notice that information was mistakenly produced without proper designation, the attorney will immediately notify any person who received the information and inform that person that he or she must immediately return the information and any copies thereof to the attorney.  The attorney will also instruct the person that he or she must not disclose any of the newly designated information.  Discovery Material

designated CONFIDENTIAL shall include: (a) all copies, extracts and complete or partial summaries prepared from such documents or information designated as CONFIDENTIAL; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda, or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; and (d) deposition testimony designated in accordance with Paragraph 5 below.

5. Deposition transcripts, or portions thereof, may be designated as Confidential Information and subject to this Protective Order either: (a) during the deposition; or (b) by written notice to the reporter and all counsel of record, given within five (5) business days after the deposition transcript is received by the designating party. For testimony designated as Confidential Information, the designating party shall have the right to exclude from a deposition before the taking of the designated testimony all persons not authorized to receive such information under this Protective Order. All transcripts of depositions shall be treated as Confidential Information for up to five (5) business days after receipt thereof by counsel for the parties and counsel for the witness, subject to the parties designating the transcript or a portion thereof as Confidential Information within that period.

6. Discovery Material produced by a third party, or any portion thereof, may be designated as subject to this Protective Order by written notice to the Producing Party and all counsel of record, given within ten (10) business days after the documents or information is received by the designating party.

7. Each party and all persons bound by the terms of this Protective Order shall use any Confidential Information only for purposes related to this action (*Houston Casualty Company v. The Charter Oak Fire Insurance Company, et al.*, No. 1:16-CV-00535- LJO-EPG), any appeals therefrom, and the processing of the claims underlying this action. No party or other person shall use any Confidential Information for any other purpose. The attorneys of record for the parties

shall exercise reasonable care to ensure that any Confidential Information is: (a) used only for the purposes specified herein; and (b) disclosed only to authorized persons.

8. Confidential Information shall be disclosed only to:

   a. the Court and court personnel, including court reporters, videographers, and any outside, independent reproduction service, engaged by the Court in proceedings incidental to the trial or preparation for trial of this lawsuit;

   b. counsel representing any party in connection with this litigation (and the employees of such counsel);

   c. the parties to this action and any employee of any party who has need for such disclosure to further a purpose permitted pursuant to paragraph 7 hereof;

   d. the subsidiaries, parent companies, affiliates, members, or agents of the parties and any employees thereof to further a purpose permitted pursuant to paragraph 7 hereof;

   e. accountants, insurers, reinsurers, retrocessionaires, and regulators as may be required in the ordinary course of business;

   f. court reporters, translators, duplicating services, and auxiliary services of like nature routinely engaged by counsel; and

   g. outside experts and consultants used by counsel of the parties to assist in this litigation who, by executing a declaration in the form attached hereto, expressly agree to be bound by the terms of this Protective Order and subject directly to enforcement hereunder.

   h. witnesses who are deposed in this matter or who testify at trial and, unless already bound by the terms of this Protective Order, expressly agree to be bound by the terms of this Protective Order and subject directly to enforcement hereunder by executing a declaration in the form attached hereto.

   i. any mediator selected by the Parties or appointed by the Court to mediate the claims at issue in this litigation and the support staff for the mediator.

9. The parties agree that the inadvertent production of any document that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, or any other relevant privilege shall not constitute waiver of the applicable privilege. If any such document is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return all copies of the document in its possession, use best efforts to delete any versions of the document on any database it maintains and make no use of the

information contained in the document, provided, however, that the party returning such document shall have the right to apply to the Court for an order that such document is not protected from disclosure by any privilege.

10. Any Confidential Information filed with the Court, shall be filed and kept by the Court conditionally under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any paper which reflects, contains, or includes any Confidential Information shall file such paper in accordance with the procedures set forth in applicable local rule(s). At the conclusion of this case, any material filed with the Court under seal shall be kept under seal or be returned to the party filing it for disposition as provided for in Paragraph 15 below.

11. This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of Discovery Material as that party may consider appropriate. Nor shall any party be precluded from claiming that any matter designated hereunder as Confidential Information is not entitled to the protection of this Protective Order; from applying to the Court for an Order permitting the disclosure or use of Confidential Information otherwise prohibited by this Protective Order; or from applying for an Order modifying this Protective Order in any respect.

12. If a party objects to the designation of particular materials as CONFIDENTIAL on the ground that such confidentiality is not necessary to protect the interests of the Producing Party, the following procedure shall be utilized:

    a. the objecting party shall give counsel of record for the Producing Party written notice thereof, specifying the document, information. or other things as to which an objection is asserted and the reasons for the request;

    b. If the Producing Party is producing Confidential Information of a non-party, the objecting party will also give the non-party written notice as outlined in ¶ 12(a) above;

    c. if the parties cannot reach agreement concerning the matter within seven (7) business days after the delivery of the written notice, then the objecting party may thereafter file and serve a motion with the Court to find that the materials are not Confidential Information within the meaning of this Protective Order. This Protective Order shall not alter the normal burdens of proof that apply to such a motion. The designated materials shall

        continue to be Confidential Information until determined to be otherwise by order of the Court or by agreement of the parties.

13. During trial or an evidentiary proceeding in this action, Discovery Material designated as CONFIDENTIAL may be offered into evidence and retained by the Court. The Producing Party may apply to the Court to allow such Discovery Material to keep its Confidential Information status notwithstanding such use.

14. Personally identifying information may be designated as Confidential Information and the parties agree to cooperate in good faith to put into place whatever other protections are appropriate, in each case as may be required by applicable law or by other duties owed by that party to the data subject or to the custodian of that personally identifying information.

15. Upon final termination of this action, unless otherwise agreed in writing by an attorney of record for the Producing Party, each party shall assemble and destroy all designated material, including all copies, extracts and summaries thereof, and confirm such destruction in a writing to the other parties, except that outside counsel may retain copies of pleadings and materials that are of record in the litigation subject to the confidentiality provisions of this Protective Order, and the parties or their attorneys may retain a set of all materials for audit or accounting or insurance or reinsurance recovery purposes or regulatory purposes.

16. Nothing in this Protective Order affects the right of a Producing Party to use or disclose Discovery Materials in any way (except as required by law).

17. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that: (a) can be shown by the non-designating party to be or to have become public knowledge, not in violation of this Protective Order or in violation of any other Protective Order; (b) is independently acquired by the non-designating party from a third party whom the non-designating party can demonstrate had the right of disclosure of such information or material; or (c) can be shown to have been lawfully possessed by the non-designating party prior to entry by the Court of this Protective Order.

18. The termination of this action shall not terminate the directives of this Protective Order.

19.     This Protective Order may be modified, and any matter related to it may be resolved by written stipulation of the parties or by further order of the Court.

Respectfully submitted,

Dated: October 14, 2016          **WOLKIN CURRAN LLP**
                                 **BATESCAREY LLP**


                                 By:        /s/ Jordon S. Steinway
                                     Amy K. Thomas
                                     Robert J. Bates, Jr., PHV
                                     Jordon S. Steinway, PHV
                                     Attorneys for Plaintiff
                                     HOUSTON CASUALTY COMPANY

Dated: October 14, 2016          **TRAUB LIEBERMAN STRAUS &**
                                 **SHREWSBERRY LLP**


                                 By:     /s/ Neal K. Kojima (w/ consent)
                                     Kevin P. McNamara
                                     Neal K. Kojima
                                     Attorneys for Defendant,
                                     ACE AMERICAN INSURANCE COMPANY

Dated: October 14, 2016          **LINCOLN, GUSTAFSON & CERCOS, LLP**


                                 By: /s/ Christian W. Schmitthenner (w/ consent)
                                     Christian W. Schmitthenner
                                     Gene E. Royce
                                     Attorneys for Defendant,
                                     PREFERRED CONTRACTORS INSURANCE
                                     COMPANY RISK RETENTION GROUP LLC

Dated: October 14, 2016          **THE AGUILERA LAW GROUP, APLC**


                                 By:   /s/ Nicholas P. Carrigan (w/ consent)
                                     A. Eric Aguilera
                                     Nicholas P. Carrigan
                                     Attorneys for Defendants,
                                     TRAVELERS PROPERTY CASUALTY
                                     COMPANY OF AMERICA

Dated: October 14, 2016          **EDISON, McDOWELL & HETHERINGTON**
                                 **LLP**

By:   /s/ Robert D. Whitney (w/ consent)
    Raymond J. Tittmann
    Robert D. Whitney
    Attorneys for Defendant,
    CRUM & FORSTER SPECIALTY
    INSURANCE COMPANY

Dated:  October 14, 2016    **SIMS, LAWRENCE & ARRUTI**

By:   /s/ Cynthia G. Lawrence (w/ consent)
    Cynthia G. Lawrence
    Attorneys for Defendant,
    FINANCIAL PACIFIC INSURANCE
    COMPANY

Dated:  October 14, 2016    **LINDAHL BECK LLP**

By:   /s/ Kelley K. Beck (w/ consent)
    Kelley K. Beck
    Attorneys for Defendant,
    WEST AMERICAN INSURANCE COMPANY

**ORDER**

The Court has reviewed the above stipulation and adopts it except that the Court clarifies paragraph 12 to describe the procedure for seeking leave of court to file a motion challenging a confidentiality designation:  Counsel must receive permission from the Court following an informal telephone conference.  A party wishing to schedule such a conference should contact chambers at (559) 499-5962 to receive available dates.  The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue.  Prior to the conference, the Court will require the parties to submit letter briefs of no more than 3 pages in length to chambers for review.  Telephonic conferences will not be on the record and the Court will not issue a formal ruling at that time.  Nevertheless, the Court will attempt to provide guidance to the parties to narrow or dispose of the dispute.  If no resolution is reached, the Court will consider whether the filing of a formal motion is appropriate.

IT IS SO ORDERED.

Dated:  **October 17, 2016**           /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

# **DECLARATION**

The undersigned, under penalty of perjury, declares as follows:

1. My full name and address is:

   _____

   _____

   _____

2. Prior to receiving any documents and information designated as "CONFIDENTIAL" I was provided with a copy of the attached Protective Order, which I have read and fully understand.

3. I received access to this designated information in my capacity as (secretary, expert, consultant, etc.)_____.

4. I received access to this designated information from

   _____.

5. I agree to be bound by the terms of the Protective Order and to submit to the jurisdiction of this Court with respect to the enforcement of the Protective Order.

6. I declare, under penalty of perjury, that the foregoing is true and correct.

Dated:_____, 20__

   _____