Amy K. Thomas – CA State Bar No. 202876
**WOLKIN · CURRAN, LLP**
555 Montgomery Street, #1100
San Francisco, CA 94111
Ph: (415) 982-9390 / Fax: (415) 982-4328
athomas@wolkincurran.com

ROBERT J. BATES, JR., PHV
JORDON S. STEINWAY, PHV
**BATESCAREY LLP**
191 N. Wacker, Suite 2400
Chicago, IL 60606
Ph: (312) 762-3100 / Fax: (312) 762-3200
rbates@batescarey.com
jsteinway@batescarey.com

Attorneys for Plaintiff
HOUSTON CASUALTY COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| HOUSTON CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE CHARTER OAK FIRE INSURANCE COMPANY; ACE AMERICAN INSURANCE COMPANY; PREFERRED CONTRACTORS INSURANCE COMPANY, RRG, LLC; THE PHOENIX INSURANCE COMPANY; WEST AMERICAN INSURANCE COMPANY; CRUM & FORSTER SPECIALTY INSURANCE COMPANY; FINANCIAL PACIFIC INSURANCE COMPANY; and DOES 1 THROUGH 10,<br><br>Defendants. | CASE NO. 1:16-CV-00535-LJO-EPG<br><br>**HOUSTON CASUALTY COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS ORIGINAL COMPLAINT**<br><br>Date:   December 21, 2016<br>Time:   8:30 a.m.<br>Dept:   Courtroom 4<br>Judge:  Hon. Lawrence J. O'Neill |

1

## I.     INTRODUCTION

HCC is presently the only insurer among the parties to this coverage lawsuit that is actively participating in the defense of MP Nexlevel of California, Inc. ("MP") in two underlying lawsuits.  Although the insurer defendants each have a concurrent and ongoing duty to defend MP (indeed, some insurers' duties are expressly primary and non-contributory in relation to HCC's obligations), they have either disclaimed coverage or otherwise sat idle, content in allowing HCC to carry the burden of paying MP's substantial defense costs.  To date, HCC has reimbursed MP $1 million, subject to a reservation of rights, in partial satisfaction of fees and costs that MP claims to have incurred in the defense of the underlying lawsuits.  On April 15, 2016, HCC filed this lawsuit against the insurer defendants seeking declaratory relief regarding the parties' rights and obligations under their respective liability policies, and equitable contribution.

Since commencing this litigation, HCC has obtained and evaluated complete copies of the relevant subcontract agreements between MP and its subcontractors, and has confirmed the identities of the various subcontractors whose work is implicated in the underlying lawsuits against MP.  The subcontract agreements obligate the subcontractors to not only obtain, effect, and maintain liability insurance that names MP as an Additional Insured, but also to fully indemnify and defend MP against claims arising out of or relating to the subcontractors' work, or any act or omission of the subcontractor.   Because HCC has already paid $1 million toward MP's underlying fees and costs, HCC has standing to assert contractual indemnity claims against MP's subcontractors, under a theory of equitable subrogation.  Accordingly, by this motion, HCC seeks leave to amend its original Complaint to assert a new cause of action against seven of MP's subcontractors based on their respective contractual liability for defense and indemnity for all damages in any manner connected with work performed by such parties.

## II.    RELEVANT BACKGROUND

This lawsuit arises from disputes relating to the construction of the Central Valley Next Generation Broadband Infrastructure Project (the "Project").  The Project encompasses a service area of 18 counties throughout California's Central Valley, and its goal is to create fiber-based

infrastructure and wireless capabilities covering 39,530 square miles.  The Project was divided into 30 geographical segments, which were constructed on public road rights-of-way owned and controlled by various state and local governments.  MP was the general contractor on 14 of the segments.  This work required MP to perform underground construction, including trenching and horizontal directional drilling/boring, and to excavate, compact, and backfill trenches, and pour over roadway sections where it had trenched.  MP utilized subcontractors to furnish certain labor, materials, and services for the Project.  Disputes arose during the course of construction, which resulted in the filing of two lawsuits involving CVIN, LLC (the Project owner), MP, and various other parties.

The scope of the rights and obligations of MP and its subcontractors is set forth in separate "Standard Sub-Contract Agreements" (the "Subcontract Agreements"), which are substantially identical. In particular, Section 2.17 of the Subcontract Agreements state:

> 2.17  Indemnification.  To the greatest extent permitted by law, Sub-Contractor shall indemnify and hold Contractor [MP], its affiliates, agents and employees, the Owner, the Engineers, and other sub-contractors harmless from any and all claims arising out of or relating to Sub-Contractor's work or arising out of or relating to any act or omission of Sub-Contractor.  Sub-Contractor agrees to assume entire responsibility and liability for all damages or injury to all persons, whether employees or otherwise, and to all property, arising out of, resulting from or in any manner connected with, the execution of the work provided for in this Agreement or occurring or resulting from the use by the Sub-Contractor, his agents or employees, of materials, equipment, instrumentalities or other property, whether the same be owned by the Contractor [MP], the Sub-Contractor or third parties.
>
> Indemnification shall include all expenses, including, without limitation, attorney fees incurred by Contractor [MP] in the investigation or defense of a claim as well as all expenses, including, without limitation, attorney fees incurred to enforce or defend any provision of this Agreement.

The above indemnification provision is broad, and makes clear that the subcontractors are responsible and liable for all damages "in any manner connected with" work performed by the subcontractor.

///

///

## III.    ARGUMENT

### A.    Federal Policy Favors the Disposition of Cases on the Merits, and Permits Amendments to Pleadings with "Extreme Liberality"

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of court, and "shall freely be given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a).  The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." *Demoura v. Ford*, No. 1:09-CV-01344-LJO, 2012 WL 2577554, at *2 (E.D. Cal. Jul. 3, 2012) (O'Neill, J.) (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).  This discretion is guided by the strong federal policy affording litigants an opportunity to test their claims on the merits.  *Foman*, 371 U.S. at 182.

Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted.  *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989); *Comm. Concerning Cmty. Improvement v. City of Modesto*, No. CV-F-04-6121-LJO-DLB, 2010 WL 3397421, at *2 (E.D. Cal. Aug. 27, 2010) (the party seeking leave to amend need only establish the reason why amendment is required).  Although leave to amend should not be granted "automatically," the circumstances under which Rule 15(a) permits denial of leave to amend are "limited." *Lanier v. Castillo*, No. CV F 10-1120-LJO-SKO, 2011 WL 1103137, at *6 (E.D. Cal. Mar. 22, 2011) (O'Neill, J.) (internal citations omitted). "Denial of a motion to amend a complaint is proper only when the amendment would be clearly frivolous or unduly prejudicial, would cause undue delay, or if a finding of bad faith is made." *Id.* (citing *United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of America*, 919 F.2d 1398, 1402 (9th Cir. 1990)).  As discussed below, evaluation of the relevant factors to be considered in assessing the propriety of an amendment overwhelmingly supports the grant of HCC's motion.

///

///

///

HCC'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND

**B. HCC's Motion is Timely Filed, and Will Not Result in Undue Delay or Prejudice to any Party**

Pursuant to the Court's August 9, 2016 Scheduling Conference Order, any motions requesting leave to amend the pleadings must be filed no later than December 15, 2016. (Doc. 54.) This motion is timely filed in advance of the pleading amendment deadline.

Further, no undue delay will result if HCC is granted leave to amend its Complaint. With respect to the current procedural posture, it is notable that discovery is active and ongoing (the non-expert discovery cutoff is March 1, 2017), and no depositions have been taken to date. Thus, there will be no need for any depositions to be supplemented to address the issues raised in the proposed new claim, or any other extensive additional discovery. HCC's proposed new claim is entirely consistent with the nature of the lawsuit, and is contractually based, such that the limited discovery which may be necessary for resolution will not unduly expand this litigation. Finally, the dispositive motion deadline is not until August 21, 2017, and trial is not scheduled until February 2018. To the extent that any modification to the Scheduling Conference Order is necessary, it should not impact the pre-trial or trial dates.[1] Therefore, leave to amend will not result in undue delay.

In the same regard, there is no conceivable prejudice to any of the other parties to this case. Not only will the insurer defendants not be impacted by any undue delay, they also are not the targets of the proposed new claim.[2] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend).

**C. HCC's Proposed New Cause of Action against MP's Subcontractors is Viable**

A motion for leave to amend "is to be liberally granted where, from the underlying facts or circumstances, the plaintiff may be able to state a claim." *Lanier*, 2011 WL 1103137, at *7 (quoting *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982)). Denial of leave to file an

---

[1] Further, MP, which is the subject of crossclaims asserted by certain of the insurer defendants, has only recently filed its appearance, which may necessitate revision to the current Scheduling Conference Order in any event.

[2] The proposed amendment will, however, augment existing claims against Travelers, which has already appeared in this action.

amended complaint is appropriate only where an amendment is futile. *Id.* A proposed amendment is futile only if no set of facts can be proven under the amendment to the pleadings that would constitute a valid and sufficient claim or defense, or when the amendment lacks legal foundation. *Id.*

In evaluating whether a proposed amendment is futile, the Court must determine whether the amendment would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Furnace v. Gipson*, No. 1:14-cv-00814-LJO-MJS (PC), 2016 WL 5315645, at *4 (E.D. Cal. Sept. 21, 2016) (citing *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011)). To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Fletcher v. Swarthout*, No. 2:14-CV-0567 DB P, 2016 WL 6135870, at *2 (E.D. Cal. Oct. 21, 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In making its determination, the court must accept as true the allegations of the Complaint, and construe the pleading in the light most favorable to plaintiff. *Fletcher*, 2016 WL 6135870, at *2 (internal citations omitted). Based on the above considerations, HCC's proposed amended claim for equitable subrogation easily withstands Rule 12(b)(6) scrutiny.

As noted, the Subcontract Agreements obligate MP's subcontractors to defend and indemnify MP for all damages in any manner connected with work performed by the subcontractor. The essential premise of the claims and allegations against MP in the underlying lawsuits is defective work performed by MP's subcontractors. Therefore, MP's purported liability in the underlying lawsuits largely derives from its subcontractors' alleged negligence. Because HCC has already paid $1 million towards MP's underlying fees and costs, HCC is subrogated to MP's contractual rights against the subcontractors. *See, e.g., Interstate Fire & Casualty Ins. Co. v. Cleveland Wrecking Co.* 182 Cal. App. 4th 23 (2010) (insurer permitted to pursue recovery of defense costs as subrogee of insured's contractual indemnity rights).

HCC's proposed amended pleading also sets forth detailed factual allegations that meet or exceed the requirements for notice pleading in federal court proceedings. Fed. R. Civ. P. 8. In addition to laying out the factual foundation of a claim for contractual indemnity against the

subcontractors, HCC has sufficiently pled all of the essential elements of an insurer's cause of action for equitable subrogation. *Cleveland Wrecking*, 182 Cal. App. 4th at 33-34 ((1) the insured suffered a loss for which the defendant is liable, either as the wrongdoer whose act or omission caused the loss or because the defendant is legally responsible to the insured for the loss caused by the wrongdoer; (2) the claimed loss was one for which the insurer was not primarily liable; (3) the insurer has compensated the insured in whole or in part for the same loss for which the defendant is primarily liable; (4) the insurer has paid the claim of its insured to protect its own interest and not as a volunteer; (5) the insured has an existing, assignable cause of action against the defendant; (6) the insurer has suffered damages caused by the act or omission upon which the liability of the defendant depends; (7) justice requires that the loss be entirely shifted from the insurer to the defendant; and (8) the insurer has been damaged in a specific sum, and will continue to be damaged).

Accordingly, because the underlying facts or circumstances relied upon by HCC stand as proper subjects of relief, and because all of the requisite elements of the proposed new cause of action have been adequately pled, HCC should be afforded an opportunity to assert claims against MP's subcontractors on the merits. *Granite Outlet, Inc. v. Hartford Cas. Ins. Co.*, No. 2:14-CV-00575-TLN, 2015 WL 300729, at *2 (E.D. Cal. Jan. 22, 2015) ("The liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties.")

### D. CONCLUSION

WHEREFORE, for the foregoing reasons, HCC requests that this Court exercise its broad discretion, and grant HCC leave to file a First Amended Complaint in the form of the document attached hereto as Exhibit 1, and grant HCC any other and further relief deemed just and appropriate.

Dated:  November 18, 2016            **WOLKIN · CURRAN LLP**
                                     **BATESCAREY LLP**

                                     By:         /s/ Jordon S. Steinway
                                        Amy K. Thomas
                                        Robert J. Bates, Jr., PHV
                                        Jordon S. Steinway, PHV

Attorneys for Plaintiff
HOUSTON CASUALTY COMPANY

10891.1645514

HCC'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND

# PROOF OF SERVICE

I hereby certify that, on November 18, 2016, a copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF System, which sent notification of such filing to all counsel of record.

/s/ Jordon S. Steinway

BATESCAREY LLP
191 North Wacker, Suite 2400
Chicago, IL 60606
Ph:   312.762.3100

## SERVICE LIST
*Houston Casualty Company v. The Charter Oak Fire Insurance Company, et al.*
**Case No. 1:16-cv-00535-LJO-EPG**

| | |
|---|---|
| A. Eric Aguilera<br>Seaton Tsai<br>Aguilera Law Group, APLC<br>650 Town Center Drive, Suite 100<br>Costa Mesa, CA 92626<br>eaguilera@aguileragroup.com<br>stsai@aguileragroup.com | Kelley K. Beck<br>Lindahl Beck LLP<br>660 South Figueroa Street, Suite 1500<br>Los Angeles, CA 90017-3457<br>kbeck@lindahlbeck.com |
| Kevin P. McNamara<br>Neal K. Kojima<br>Traub Lieberman Straus & Shrewsberry LLP<br>626 Wilshire Boulevard, Suite 800<br>Los Angeles, CA 90017<br>kmcnamara@traublieberman.com<br>nkojima@traublieberman.com | Raymond J. Tittmann<br>Robert D. Whitney<br>Edison, McDowell & Hetherington LLP<br>1 Kaiser Plaza, Suite 340<br>Oakland, CA 94612<br>raymond.tittmann@emhllp.com<br>robert.whitney@emhllp.com |
| Christian W. Schmitthenner<br>Gene E. Royce<br>Lincoln, Gustafson & Cercos, LLP<br>550 West "C" Street, Suite 1400<br>San Diego, CA 92101<br>cschmitthenner@lgclawoffice.com<br>groyce@lgclawoffice.com | Cynthia G. Lawrence<br>Bob D. Sims<br>Sims & Ocken<br>1899 E. Roseville Parkway, Ste. 130<br>Roseville, CA 95661<br>clawrence@sims-law.net<br>bsims@sims-law.net<br>nschaeffer@sims-law.net |
| Alan H. Packer<br>Graham C. Mills<br>Newmeyer & Dillion<br>1333 N. California Blvd., Suite 600<br>Walnut Creek, CA 94596<br>alan.packer@ndlf.com<br>graham.mills@ndlf.com | |