UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSTON CASUALTY COMPANY, | 1:16-cv-535-LJO-EPG |
| Plaintiff, | MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION TO STRIKE (Doc. 67) |
| v. | |
| CHARTER OAK FIRE INSURANCE CO., et al., | |
| Defendants. | |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of Chief U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout

the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. INTRODUCTION

Plaintiff-Counter Defendant Houston Casualty Company ("HCC") moves under Federal Rule of Civil Procedure[1] 12(f) to strike Defendant-Counter Claimant Travelers Property Casualty Company of America's ("Travelers") counterclaim for declaratory judgment as redundant of HCC's declaratory judgment claim. Doc. 68 at 2. For the following reasons, the Court GRANTS HCC's motion.

## III. FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts are few and straightforward. "This is an action for equitable contribution and declaratory relief regarding the rights and obligations of various co-insurers of MP NEXLEVEL OF CALIFORNIA, INC. ('MP') relative to defense fees and costs previously incurred, and to be incurred in the future, on behalf of MP in two underlying lawsuits." Doc. 1, Complaint ("Compl."[2]), at ¶ 1.[3] HCC alleges that Defendants, various insurance companies, are obliged to defend MP in the underlying lawsuits under their respective insurance contracts. *Id.* HCC contends Defendants' "respective policies are primary to, and non-contributory with, HCC's obligations under [its] policies," but only HCC has defended MP against the lawsuits. *Id.* HCC further contends that "a significant and actual conflict of interest exists which obligates the Insurer Defendants to allow MP to select *Cumis*[4] counsel to defend

---

[1] All further references to any "Rule" are to the Federal Rules of Civil Procedure.

[2] As the Court was poised to issue a decision on HCC's motion to strike, HCC filed a motion to amend the complaint "to assert a new cause of action against seven of MP's subcontractors." Doc. 81 at 2. The Court expresses no opinion on that motion at this time, but notes that, if the Court were to grant it, the amended complaint would be substantively identical to the currently operative complaint for purposes of HCC's motion to strike. Accordingly, the Court concludes it remains appropriate to rule on HCC's motion at this time.

[3] The two lawsuits are *JK Comm'ns & Constr., Inc. v. MP Nexlevel of California, Inc.*, No. 14 CR CG 00524, pending in the Superior Court of California for the County of Fresno, and *MP Nexlevel of California Inc. v. CVIN, LLC*, 1:14-cv-288-LJO-GSA ("the Federal Court Case") (collectively, the "Underlying Lawsuits"), pending in this Court.

[4] Under California law, "in some types of conflict of interest situations, the insurer must provide not only a defense for the insured, but an independent attorney selected by the insured. This type of independent counsel situation is known as *Cumis* counsel." *Hollyway Cleaners & Laundry Company, Inc. v. Cen. Nat'l Ins. Co. of Omaha, Inc.*, No. 2:13-cv-07497-ODW(E), 2016 WL 6602544, at *4 (C.D. Cal. Nov. 7, 2016) (citations omitted).

against claims asserted in the Underlying Lawsuits." *Id.* at 14.

HCC therefore seeks declaratory judgment concerning its and Defendants' respective rights and obligations as to MP involved in the lawsuits. *Id.* Specifically, HCC seeks an order from the Court declaring, among other things:

> MP is an "additional insured" under the insurer defendants' policies; the insurer defendants have a primary duty to defend MP; and the insurer defendants have an equitable duty to pay a fair and proportionate share of the costs of defense incurred on behalf of MP in the Underlying Lawsuits.

Doc. 38 at 4; *see also* Compl. at 17 (listing eight specific declaratory relief requests). In sum, HCC's declaratory judgment claim seeks a determination of "the respective rights and liabilities of the parties regarding their obligations to pay for the defense of MP against the allegations made in the Underlying Lawsuits." Compl. at ¶ 58.

In response to HCC's complaint, Travelers asserted 27 affirmative defenses and one counterclaim against HCC for declaratory judgment. *See* Doc. 28. In its affirmative defenses, Travelers argues, among other things:

- "The claims for which [HCC] seeks declaratory relief are barred in whole or in part by the terms, conditions and/or exclusions contained in Travelers' policies."
- "[HCC's] claims are barred to the extent that the underlying claims are not covered claims as defined in Travelers' policies."
- "[T]hat coverage under any of its policies issued to any Travelers insured or additional insured is barred to the extent that any such person or entity has failed to perform its obligations and comply with the terms, conditions, and provisions of the policies."
- "[T]hat coverage under any of its policies issued to any Travelers insured is barred to the extent that not all conditions precedent and/or subsequent to the triggering of liability coverage have been fulfilled."

*Id.* at 14-15.

Travelers's declaratory judgment counterclaim alleges there is a controversy between Travelers and HCC "concerning Travelers's rights, duties, and obligations under [its] policies." *Id.* at ¶ 22. Travelers therefore seeks a judicial determination of "the respective rights, duties, and obligations " of HCC and Travelers "under the provisions of the applicable policies of insurance." *Id.* at ¶ 25.

HCC moves to strike the counterclaim as redundant of its declaratory judgment claim. Doc. 67. The thrust of HCC's motion is that the Court's prior order in this case granting HCC's motion to strike Defendant Crum and Forster's ("CF") declaratory judgment claim as redundant of HCC's declaratory judgment claim forecloses Travelers's declaratory judgment claim. Doc. 68 at 1; *Houston Casualty Co. v. Crum & Forster Ins. Co.*, No. 1:16-cv-535-LJO-EPG, 2016 WL 4494444 (E.D. Cal. Aug. 25, 2016) ("the MTS Order"). HCC argues the reasoning of that decision fully applies here.

Travelers opposes. Doc. 76. Travelers argues that its declaratory judgment claim raises issues not contemplated in HCC's complaint. Specifically, Travelers asserts that, unlike HCC's declaratory judgment claim, its declaratory judgment claim seeks a determination that (1) Travelers is entitled to control MP's defense in the Underlying Lawsuits; and (2) MP breached its policy with Travelers.

## IV. **STANDARD OF DECISION**

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (internal quotation marks and citations omitted). Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). Impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* Scandalous matter is that which "improperly casts a derogatory light on someone, most typically on a party to the action." *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) (internal quotation marks and citations omitted).

The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v.*

*Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Alco Pacific*, 217 F. Supp. 2d at 1033; *see also Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (Motions to strike are generally disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."). "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Alco Pacific*, 217 F. Supp. 2d at 1033 (internal quotation marks and citations omitted). "The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." *Id.* (citing *Fogerty*, 984 F.2d at 1528).

## V. <u>ANALYSIS</u>

The Court agrees with HCC that Travelers's declaratory judgment counterclaim should be stricken for the reasons outlined in the MTS Order. Like CF's stricken declaratory judgment claim, Travelers's declaratory judgment claim is redundant of its affirmative defenses and HCC's declaratory judgment claim. *See generally* MTS Order at *5. That Travelers's counterclaim seeks specific determinations from the Court that are not explicitly raised in HCC's complaint claim does not mean the claim raises new factual and legal issues not at issue in HCC's complaint or Travelers's affirmative defenses.

Travelers argues the issues of whether MP breached its policy's terms and whether Travelers is entitled to control MP's defense in the Underlying Lawsuits are not contained in its affirmative defenses or HCC's complaint. The Court disagrees on both grounds. As to the issue of breach, Travelers's argument is belied by its thirteenth affirmative defense, which states:

> Travelers alleges that coverage under any of its policies issued to any Travelers insured or additional insured is barred to the extent that any such person or entity has failed to perform its obligations and comply with the terms, conditions, and provisions of the policies.

In other words, the affirmative defense asserts Travelers does not owe coverage to MP, a Travelers insured, because MP breached its policy's terms.

As to the issue of the control of MP's defense in the Underlying Lawsuits, the Court acknowledges that the issue is not as clear-cut. Although not explicitly, HCC's complaint contemplates the issue. The issue is encapsulated in HCC's specific request "[f]or a declaration that a significant and actual conflict of interest exists which obligates the Insurer Defendants to allow MP to select *Cumis* counsel to defend against claims asserted in the Underlying Lawsuits," Compl. at 17, and its more general request "for the Court to determine the respective rights and liabilities of HCC and MP regarding their respective rights, duties, and obligations" under the applicable policies. *Id.* at ¶ 72. Distilled, HCC's declaratory judgment claim is a broad request that the Court determine the parties' rights, duties, and obligations pursuant to the parties' insurance policies—including whether Travelers has the right to control MP's defense in the Underlying Lawsuits or whether MP is entitled to *Cumis* counsel—which is precisely what Travelers' declaratory judgment claim seeks. *See* Doc. 28 at 37. ("[A] declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations as between [Travelers] and [HCC] may be determined under the provisions of the applicable policies of insurance."). Travelers's counterclaim is therefore redundant of HCC's declaratory judgment claim.[5]

The counterclaim is also redundant of Travelers's ninth affirmative defense, which asserts HCC's declaratory judgment claim is "barred in whole or in part by the terms, conditions and/or exclusions contained in Travelers' policies." Doc. 28 at 14. This broadly worded contention will permit Travelers to assert—and, if successful, obtain a judgment confirming—its position that it is has the right to control MP's defense in the Underlying Lawsuits under the applicable policies. When assessing HCC's request for a determination of "the respective rights and liabilities of HCC and MP regarding their respective rights, duties, and obligations" under the policies, the Court will be required to

---

[5] The Court notes that because of this finding Travelers will be able to obtain a declaration from this Court as to whether it is entitled to control MP's defense in the Underlying Lawsuits.

assess whether MP has a right to control its defense or whether the policies' "terms, conditions, and/or exclusions" confer that right on Travelers. Travelers's counterclaim against HCC is therefore redundant of its ninth affirmative defense.

In sum, Travelers's counterclaim against HCC is redundant and serves no useful purpose. *See id.* Accordingly, the Court GRANTS HCC's motion to strike.

HCC requests that the Court order Travelers to pay HCC's fees and costs associated with this motion. Doc. 68 at 8. The Court ORDERS the parties to meet and confer and attempt to avoid requiring the Court's involvement in the issue. If the parties cannot resolve the issue informally, on or before December 9, 2016, HCC shall file a brief, not to exceed ten pages, concerning its purported entitlement to fees and costs expended for bringing this motion. HCC shall provide appropriate documentation to support its requested amount of fees and costs. Travelers may file a responsive brief within fourteen days of HCC's filing its brief.

## VI. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS HCC's motion to strike (Doc. 67) with leave to amend. Travelers's declaratory judgment counterclaim against HCC is STRICKEN. Any amended counter-complaint shall be filed on or before December 29, 2016.

IT IS SO ORDERED.

Dated:   **November 29, 2016**         **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE