UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSTON CASUALTY COMPANY, | 1:16-cv-535-LJO-EPG |
| Plaintiff, | MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION TO AMEND (Doc. 80) |
| v. | |
| CHARTER OAK FIRE INSURANCE CO., et al., | |
| Defendants. | |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Harris to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of Chief U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout

the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. INTRODUCTION

Plaintiff Houston Casualty Company ("HCC") moves under Federal Rule of Civil Procedure[1] 15 to amend its complaint. Doc. 80. Defendant Preferred Contractors Insurance Company, joined by Defendants West American Insurance Company, Financial Pacific Insurance Company, and Charter Oak Fire Insurance Company (collectively, "Defendants"), oppose the motion. Docs. 84-87.

The Court took the matter under submission on the papers pursuant to Local Rule 230(g). Doc. 91. For the following reasons, the Court GRANTS HCC's motion.

## III. FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts are few and straightforward. "This is an action for equitable contribution and declaratory relief regarding the rights and obligations of various co-insurers of MP NEXLEVEL OF CALIFORNIA, INC. ('MP') relative to defense fees and costs previously incurred, and to be incurred in the future, on behalf of MP in two underlying lawsuits." Doc. 1, Complaint ("Compl."), at ¶ 1.[2] HCC alleges that Defendants, various insurance companies, are obliged to defend MP in the underlying lawsuits under their respective insurance contracts. *Id.* HCC contends Defendants' "respective policies are primary to, and non-contributory with, HCC's obligations under [its] policies," but only HCC has defended MP against the lawsuits. *Id.*

Since filing this case in April 2016, "HCC has obtained and evaluated complete copies of the relevant subcontract agreements between MP and its subcontractors, and has confirmed the identities of the various subcontractors whose work is implicated in the underlying lawsuits against MP." Doc. 81 at 2. HCC contends those agreements require seven of MP's subcontractors "to fully indemnify and defend MP against

---

[1] All further references to any "Rule" are to the Federal Rules of Civil Procedure.

[2] One of the two lawsuits is *MP Nexlevel of California Inc. v. CVIN, LLC*, 1:14-cv-288-LJO-GSA (E.D. Cal.) (the "Underlying Lawsuit"), pending in this Court.

2

claims arising out of or relating to [their] work." *Id.* HCC therefore seeks to amend its complaint to name the subcontractors as Defendants and bring an equitable subrogation claim against them. *Id.*

Defendants oppose HCC's motion to amend, arguing that it is (1) prejudicial to them; (2) a product of undue delay; and (3) futile. Doc. 84 at 3.

### IV. STANDARD OF DECISION

Under Fed. R. Civ. P. 15(a)(2), the Court "should freely give leave [to amend] when justice so requires." This Rule is "to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). All inferences are drawn "in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "[T]he nonmoving party bears the burden of demonstrating why leave to amend should not be granted." *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989).

To determine whether to grant leave to amend, the Court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (citations omitted). "Futility alone can justify the denial of a motion for leave to amend," *id.*, and prejudice to the opposing party "carries the greatest weight." *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Delay alone, however, will not justify denying leave to amend. *DCD Progs., Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Absent prejudice, or a strong showing of the remaining four factors considered, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis in original).

### V. ANALYSIS

**1. Prejudice**

"The crucial factor in determining whether leave to amend should be granted is the resulting prejudice to the opposing party. Where no such prejudice is shown, leave to amend should be freely given." *Jordan v. Los Angeles Cty.*, 669 F.2d 1311, 1324 (9th Cir. 1982) (citations omitted).

The thrust of Defendants' position that they will be prejudiced if HCC is permitted to amend its complaint is that HCC is already seeking the same relief on the same claim in the Underlying Lawsuit. *See* Doc. 84 at 4. Defendants contend that allowing HCC to amend its complaint to assert claims against the subcontractors would violate the rule against claim splitting and could lead to inconsistent judgments. *Id.* at 4-5.

The parties in the Underlying Lawsuit informed the Court on December 20, 2016, weeks after Defendants filed their opposition to HCC's motion to amend, that they have settled the case and will be filing dispositional documents shortly. *See MP Nexlevel of California Inc. v. CVIN, LLC*, 1:14-cv-288-LJO-GSA (E.D. Cal.), Doc. 427. Accordingly, Defendants' concerns about that case's effect on this case—which provide the only basis for their argument that they will be prejudiced if HCC is granted leave to amend—are now moot. Because Defendants have not indicated they will be prejudiced in any other way, the Court finds there will be no prejudice if HCC is permitted leave to amend its complaint.

**2. Undue delay**

"Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). "Although delay is not a dispositive factor in the amendment analysis, it is relevant . . . especially when no reason is given for the delay." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)

Defendants contend that HCC's motion, brought seven months after it filed this case, is a product of undue delay because it knew of the relevant facts prior to filing its complaint. Doc. 84 at 3. Specifically, Defendants assert that HCC knew who the subcontractors were and that their work, covered by the contracts at issue, was implicated in the underlying lawsuits. *Id*. Defendants point out that HCC identified the subcontractors in their complaint, attached the relevant subcontracts to their complaint, and specifically noted the indemnification language that HCC now seeks to enforce. *Id.* (citing Compl. at ¶ 33; Doc. 1-1, Exhibit 1).

In response, HCC notes that it filed its motion to amend almost a month before the Court's deadline to do so. *Id.* HCC also argues that, at the time of filing its complaint, it "had not yet ascertained the precise extent to which the various subcontractors' work was implicated by the claims against MP in the underlying litigation," and had to conduct discovery to confirm the factual basis for its claims against the subcontractors. Doc. 90 at 3. HCC represents that it filed this motion as soon as it received the discovery documents from Defendants that substantiated its subrogation claims against the subcontractors. *Id.*

HCC does not explain in detail what information Defendants' discovery documents contained or how they confirmed the viability of HCC's claims against the subcontractors. This weighs against granting leave to amend. *See Jackson*, 902 F.3d at 1388 (noting plaintiffs "cite[d] no facts of theories gleaned from the additional discovery period to support [their] contention" that information obtained in discovery supported motion to amend).

But, even assuming HCC knew of the facts and theories underlying its claims against the subcontractors prior to discovery, its motion is not unduly delayed. Cases in which a party's motion to amend have been found to be unduly delayed generally involve motions that are (1) extremely late; (2) filed after court deadlines to do so have passed; (3) unjustified; and/or (4) after the opposing party has filed dispositive motions.[3] Here, HCC filed the motion almost one month before the Court's deadline to do so, before any deadline expired, and before any Defendant had filed any motion. All of this weighs in favor of finding HCC's motion timely. *See Continental Cars, Inc. v. Mazda Motor of Am., Inc.*, No. C 11-5266 BHS, 2012 WL 3023321, at *2 (W.D. Wash. July 24, 2012) ("The amended pleadings deadline

---

[3] *See, e.g.*, *McGlinchy*, 845 F.2d at 805-06 (affirming denial of motion to amend made five months after court granted judgment on the pleadings on certain claims and almost two years after case filed); *Jackson*, 902 F.3d at 1388 (affirming denial of motion to amend that was "inexplicable and unjustified"); *Parker*, 848 F.2d at 121 (affirming denial of motion to amend made a year after case filed and 2.5 years after the case's underlying event occurred); *In re Bekhor*, 2007 WL 7532283, at *7 (9th Cir. B.A.P. Mar. 19, 2007) ("[W]e interpret 'undue delay' to mean either extreme delay or delay combined with other facts such as material prejudice or bad faith"); *Allflex USA, Inc. v. Avid Identification Sys., Inc.*, No. 5:06-cv-1109-MRP-OP, 2010 WL 11405130, at *15 (C.D. Cal. Feb. 16, 2010) (denying motion to amend made three years into litigation as unduly delayed and prejudicial).

would be meaningless if the Court found that an amendment was untimely when the amendment was sought before the Court's deadline.").

### 3. Futility

The third and final ground on which Defendants oppose HCC's motion to amend is their assertion that any amendment would be futile because HCC's anticipated claims against the subcontractors "could not withstand a motion to dismiss based on the rule against splitting a cause of action and the potential for inconsistent verdicts." *Id.* at 6. As noted above, the parties have settled the Underlying Lawsuit. Accordingly, Defendants' sole basis for their argument that HCC's amendment would be futile is now moot. The Court therefore finds that amendment is not futile.

### 4. Scheduling

Defendants argue that if the Court grants HCC's motion to amend, then the Court should either (1) stay this case pending the resolution of the Underlying Lawsuit or (2) vacate all future dates in the August 9, 2016 Scheduling Order and, once all the new parties have appeared, set a scheduling conference to reset scheduling deadlines. Because the Underlying Lawsuit has resolved, the Court need not stay this case. The Court leaves all further discovery and scheduling matters to the Magistrate Judge's discretion, except for the pretrial conference date (December 20, 2017) and trial date (February 21, 2018), which will remain set.

## VI. CONCLUSION AND ORDER

For the foregoing reasons, the Court finds HCC's motion to amend is not unduly delayed, will not prejudice Defendants, and that amendment is not futile. Accordingly, the Court GRANTS the motion (Doc. 80). Any amended complaint shall be filed on or before January 16, 2017.

IT IS SO ORDERED.

Dated: **January 3, 2017**        /s/ Lawrence J. O'Neill
                                  UNITED STATES CHIEF DISTRICT JUDGE